PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 13 2006

at 10 o'clock and 15 min, AM
SUE BEITIA, CLERK

# United States District Court

for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  DENNIS ANTONE         Case Number:  CR 00-00110DAE-01

Name of Sentencing Judicial Officer:  The Honorable David Alan Ezra
U.S. District Judge

Date of Original Sentence:  12/18/2001

Original Offense:  Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a Public School, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), a Class B felony

Original Sentence:  15 months imprisonment, to be followed by 6 years of supervised release, with the following special conditions:  (1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; (2) that the defendant is prohibited from possessing any illegal or dangerous weapons; and (3) without the prior approval from the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

Revocation
Sentence:  On 1/22/2004, the Court revoked the subject's term of supervised release for the following violations:  (1) the defendant submitted urine specimens that tested positive for methamphetamine and amphetamine on 7/2/2003, 7/8/2003, 7/28/2003, and 7/29/2003; (2) the defendant refused to comply with drug testing on 5/19/2003, 7/31/2003, 8/1/2003, 8/4/2003, and 8/5/2003; (3) the defendant failed to participate in a substance abuse program on 7/10/2003, 7/24/2003, 8/1/2003, 8/4/2003, and 8/6/2003; and (4) the defendant failed to follow the instructions of the Probation Officer on 7/18/2003, 7/21/2003, 7/22/2003, 8/1/2003, and 8/5/2003.  The Court sentenced the subject to 11 months imprisonment, to be followed by a 60-month term of supervised release.  The following

Prob 12B
(7/93)

2

special conditions were ordered: (1) that the defendant is prohibited from possessing any illegal or dangerous weapons; (2) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; (3) that the defendant perform 150 hours of community service as directed by the Probation Office; (4) without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; (5) that the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; and (6) that the defendant complete a residential drug rehabilitation program at the discretion and direction of the Probation Office.

Type of Supervision: Supervised Release    Date Supervision Commenced: 12/3/2004

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

*General Condition*   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

*Special Condition 2*   That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Prob 12B
(7/93)

3

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | On 12/27/2005, the subject provided a urine specimen that tested positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7. |
| 2 | On 9/19/2005, the subject failed to report for drug testing at Drug Addiction Services of Hawaii, Inc., in violation of Special Condition No. 2. |
| 3 | Between 4/18/2005 and 7/30/2005, the subject failed to perform community service as directed by the Probation Office, in violation of Special Condition No. 3. |
| 4 | In April 2005, the subject failed to notify the Probation Officer ten days prior to any change in residence, in violation of Standard Condition No. 6. |
| 5 | On 3/21/2005, the subject failed to report for a group counseling session at Drug Addiction Services of Hawaii, Inc., thereby failing to participate in a substance abuse program, in violation of Special Condition No. 2. |

On 12/3/2004, the subject commenced his second term of supervised release. On 12/6/2004, this officer reviewed the terms and conditions of supervised release with the subject, who acknowledged understanding them, including the prohibition against the use of controlled substances. The subject was also referred for an appropriate community service assignment and was assigned to the Keehi Lagoon Beach Park Task Force on 1/28/2005. In addition, he was referred to Drug Addiction Services of Hawaii, Inc. (DASH), in order to participate in substance abuse treatment, which included random drug testing.

On 1/20/2005, the Court was notified that the subject committed the following violations: (1) the subject submitted a urine specimen that tested positive for methamphetamine and amphetamine on 12/29/2004; and (2) the subject failed to follow instructions of the Probation Officer in connection with his job search activities on 12/27/2004 and 12/28/2004. The Court concurred with our recommendation that no further action be taken, as the subject admitted that he had relapsed, agreed to participate in treatment, and obtained employment with an automobile detailing business.

**Violation No. 1 - Positive Drug Test:** On 12/27/2005, the subject provided a urine specimen at Freedom Recovery Services, Inc. (FRS), that tested positive for methamphetamine. When questioned about the urine specimen, the subject admitted that he had smoked methamphetamine on the evening of 12/25/2005. The subject was verbally reprimanded for his relapse. He also agreed to undergo a substance abuse assessment at FRS at his own expense. In addition, he agreed to enroll in any recommended treatment program and to pay for a portion of his treatment. Finally, the

Prob 12B
(7/93)

4

subject agreed to modify his conditions of supervision, to accommodate the revised language for participation in substance abuse treatment and to comply with the requirements of random drug testing under United States v. Stephens.

**Violation No. 2 - Failure to Report for Drug Testing:** On 9/19/2005, the subject failed to report for drug testing at DASH. When questioned about his failure to appear, the subject insisted that he was calling the drug testing recorded message every day and that the only way he could have missed a drug test was through inadvertent confusion about the contents of the recorded message. This officer issued a written reprimand against the subject and warned him that further violations would require harsher sanctions.

**Violation No. 3 - Failure to Perform Community Service:** On 1/28/2005, the subject was assigned to the Keehi Lagoon Beach Park Task Force to assist in the cleaning and maintenance of the park, in order to satisfy the 150 hours of community service imposed by the Court. He began his community service work on 2/13/2005 and indicated that he would be working every week during the weekends. From 4/18/2005 through 7/30/2005, the subject failed to perform any community service work. When questioned about his failure, the subject was unable to provide any explanation for his neglect. The subject was verbally reprimanded and instructed to write a 250-word essay on the purpose and benefits of community service work. The subject completed his essay as instructed and satisfied his community service obligation on 11/19/2005.

**Violation No. 4 - Failure to Notify Regarding Change in Residence:** On 12/6/2004, this officer reviewed the conditions of supervised release with the subject, who acknowledged understanding all of the conditions, including the requirement that the subject notify the Probation Office ten days prior to any change in residence. On 4/18/2005, the subject informed this officer that he had moved to a new residence. The subject did not provide any notification prior to his move. The subject was verbally reprimanded, and the notification requirement was reviewed with the subject once again.

**Violation No. 5 - Failure to Participate in Substance Abuse Program:** On 3/21/2005, the subject failed to report to a group counseling session at DASH. When asked about his failure to report, the subject explained that he had arrived late for the counseling session and had not been allowed to participate. He added that he had been delayed at work because two other employees had left the company. The subject was verbally reprimanded and instructed to prepare a letter of apology to his substance abuse counselor.

Despite the above-cited violations, it is recommended that the Court take no adverse action at this time. The subject admitted that he relapsed and expressed remorse for his numerous violations. In addition, he agreed to undergo a substance abuse assessment with FRS, which he completed on 2/6/2006. The substance abuse counselor recommended that the subject participate in individual counseling sessions on a weekly basis, and the subject has expressed his willingness to comply with this requirement. Moreover, the subject will absorb the expenses for at least a portion of his

Prob 12B
(7/93)

5

treatment, having agreed to pay for the initial assessment as well as three additional individual sessions. The subject understands that further violations may result in harsher sanctions, including the revocation of his supervised release.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*J. Martin Romualdez*

J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/8/2006

---

THE COURT ORDERS:

[✔]  The Modification of Conditions as Noted Above
[ ]  Other

*David Alan Ezra*
DAVID ALAN EZRA
U.S. District Judge

2/10/2006
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]   To modify the conditions of Supervised Release as follows:

General Condition    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

Special Condition 2   That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _J. Martin Romualdez_
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: _[signature]_
DENNIS ANTONE
Probationer

1/10/06
Date