Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

## SEALED BY ORDER OF THE COURT

### United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 09 2007

at ___ o'clock and 05 min P M.
SUE BEITIA, CLERK

U.S.A. vs. DENNIS ANTONE                        Docket No. CR 00-00110DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of DENNIS ANTONE, who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 18th day of December, 2001, who fixed the period of supervision at six (6) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office;

2. That the defendant is prohibited from possessing any illegal or dangerous weapons;

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area, which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

   On 1/22/2004, the Court revoked the defendant's term of supervised release for the following violations: (1) the defendant submitted urine specimens that tested positive for methamphetamine and amphetamine on 7/2/2003, 7/8/2003, 7/28/2003, and 7/29/2003; (2) the defendant refused to comply with drug testing on 5/19/2003, 7/31/2003, 8/1/2003, 8/4/2003, and 8/5/2003; (3) the defendant failed to participate in a substance abuse program on 7/10/2003, 7/24/2003, 8/1/2003, 8/4/2003, and 8/6/2003; and (4) the defendant failed to follow the instructions of the Probation Officer on 7/18/2003, 7/21/2003, 7/22/2003, 8/1/2003, and 8/5/2003. The Court sentenced the defendant to eleven (11) months imprisonment, to be followed by a 60-month term of supervised release. The following special conditions were ordered:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons;

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office;

SEALED

3. That the defendant perform 150 hours of community service as directed by the Probation Office;

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment;

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; and

6. That the defendant complete a residential drug rehabilitation program at the discretion and direction of the Probation Office.

On 2/10/2006, the Court modified the defendant's conditions of supervised release as follows:

General Condition - That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition); and

Special Condition No. 2 - That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 10/16/2006, the Court revoked the defendant's term of supervised release for the following violations: (1) the defendant submitted urine specimens that tested positive for methamphetamine on 12/26/2005, 7/6/2006, 7/17/2006, and 7/25/2006; and (2) the defendant refused to comply with drug testing on 9/19/2005, 6/23/2006, 6/27/2006, 7/12/2006, 8/7/2006, and 8/8/2006. The Court sentenced the subject to an imprisonment term of time served (approximately 33 days), to be followed by a 36-month term of supervised release. The following special conditions were ordered:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment;

2. That the defendant shall participate in the residential substance abuse treatment program at the Salvation Army Adult Rehabilitation Center until clinically discharged. Failure to complete the program successfully will constitute a violation of supervised release, unless the defendant is discharged for reasons beyond his control or unrelated to his non-compliance with program requirements;

3.   That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition;

4.   Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; and

5.   The defendant shall report for drug testing when instructed to do so. Any unexcused failure to report for drug testing will constitute a refusal to comply with drug testing and will constitute a violation of supervised release.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violations of Supervised Release</u>

That the defendant has violated the conditions of his supervised release (Judgment attached) as follows:

1.   On 6/26/2007 and 7/29/2007, the defendant refused to comply with drug testing imposed as a condition of supervised release, in violation of the General Condition, Special Condition No. 1 and Special Condition No. 5.

2.   On 7/23/2007, the defendant provided a urine specimen that tested positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7.

3.   On 8/4/2007, the defendant admitted that he had used methamphetamine, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the defendant be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the defendant has been arrested and the warrant duly executed.

Prob 12C
(Rev. 1/06 D/HI)

4

---

## PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the defendant be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the defendant has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 6th day of August 2007

*Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*[signature]*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 8/6/2007

Prob 12C
(Rev. 1/06 D/HI)

5

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the defendant be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the defendant has been arrested and the warrant duly executed.

Considered and ordered this 7th day of August, 2007, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:     **ANTONE, Dennis**
        **Criminal No. CR 00-00110DAE-01**
        **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The defendant was convicted of Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a Public School, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), a Class B Felony. On 12/18/2001, he was sentenced to fifteen (15) months imprisonment, to be followed by a 6-year term of supervised release.

The defendant's initial term of supervised release commenced on 4/29/2003 and was revoked on 1/22/2004, based on numerous violations, including the submission of four (4) urine specimens that tested positive for methamphetamine and refusal to comply with drug testing on five (5) separate occasions. He was sentenced to eleven (11) months imprisonment, to be followed by a 60-month term of supervised release.

The defendant's second term of supervised release commenced on 12/3/2004 and was revoked on 10/16/2006, based on numerous violations, including the submission of four (4) urine specimens that tested positive for methamphetamine and refusal to comply with drug testing on six (6) separate occasions. He was sentenced to time served of approximately thirty-three (33) days, to be followed by a 36-month term of supervised release.

The defendant's current and third term of supervised release commenced on 10/16/2006, at which time he entered the Salvation Army Adult Rehabilitation Center (SAARC) residential treatment program. On 11/17/2006, after the defendant completed the initial thirty (30) days of his residential treatment, this officer reviewed the supervision conditions with the defendant, who acknowledged understanding each condition. On 4/18/2007, the defendant successfully completed the residential portion of his treatment program and commenced his participation in aftercare services at SAARC. On 4/27/2007, the defendant moved out of the SAARC residential facility and into the home of his mother in Wahiawa.

**Violation No. 1 - Refusal to Comply With Drug Testing:** On 5/7/2007, the defendant was referred to Freedom Recovery Services, Inc. (FRS) in order to participate in the federal drug testing program. As part of the program, the defendant was required to call a drug testing recording every day in order to retrieve any applicable drug testing instructions.

On 6/26/2007, the defendant failed to report for drug testing at FRS. When questioned about his failure to report, the defendant stated that he may have forgotten to call the drug testing recording number. This officer issued a verbal reprimand and re-emphasized the importance of full compliance with all drug testing requirements.

Re:   **ANTONE, Dennis**
      **Criminal No. CR 00-00110DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

On 7/29/2007, which was a Sunday, the defendant failed to report for drug testing at FRS. When questioned about his failure to report, the defendant explained that he does not call the drug testing recording during the weekends, as he has never been called in for a drug test during the weekends. However, the defendant conceded that this officer had instructed him to call the drug testing recording every day, including weekends.

The drug testing protocol was explained to the defendant on several prior occasions. He acknowledged that he fully understood the requirements of drug testing. Given that the defendant was oriented to drug testing procedures and submitted to drug testing at a number of different treatment programs as well as at the direction of the Probation Office, his failures to submit to drug testing on the above-referenced dates constitute a refusal to comply with drug testing.

**Violation No. 2 - Positive Drug Test Result for Methamphetamine:** On 7/23/2007, the defendant provided a urine specimen at FRS that tested positive for methamphetamine. When questioned about the positive test result, the defendant admitted that he had used methamphetamine on the Sunday preceding the drug test. He added that he had used the drug after finding out that his girlfriend would not be visiting from Las Vegas, Nevada.

**Violation No. 3 - Admission to Methamphetamine Use:** On 8/4/2007, during an unannounced home inspection, the defendant provided a urine specimen that tested presumptively positive for methamphetamine. The defendant admitted that he had used methamphetamine on the previous evening but was unable to provide this officer with the cause of his relapse, other than stating that he had been "stupid." The specimen was sealed in the presence of the defendant and forwarded to Kroll Laboratory for confirmation testing. The test results have not yet been received.

The defendant has been given numerous opportunities to address his substance abuse problems in a positive manner, including a 6-month stay at a residential substance abuse treatment program. His successive instances of relapse, when combined with his concurrent refusals to comply with drug testing, indicate that the defendant presents an unacceptable risk to the community.

Re:  **ANTONE, Dennis**
**Criminal No. CR 00-00110DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

Accordingly, it is recommended that a No Bail warrant be issued for the defendant's appearance before the Court to show cause why supervised release should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the defendant has been arrested and the warrant duly executed.

                                                          Respectfully submitted by,

                                                          J. MARTIN ROMUALDEZ
                                                          U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date:  8/6/2007

JMR/ct

Re:   **ANTONE, Dennis**
      **Criminal No. CR 00-00110DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

AO 245D  (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

**ORIGINAL**

RECEIVED
OCT 30 2006
U.S. PROBATION OFFICE
HONOLULU, HAWAII

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DENNIS ANTONE**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>Criminal Number:  1:00CR00110-001<br>USM Number:  88146-022<br>SHANLYN PARK, AFPD<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of condition(s)  __General Condition; Standard Condition No. 7; and Special Condition No. 2__  of the term of supervision.

[ ]  was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 30 2006

at __11__ o'clock and ___ min ___ M
SUE BEITIA, CLERK

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:  0207

Defendant's Residence Address:
Honolulu 96817

Defendant's Mailing Address:
Honolulu 96817

OCTOBER 16, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

Oct. 30, 2006
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

CASE NUMBER:       1:00CR00110-001                                          Judgment - Page 2 of 5
DEFENDANT:         DENNIS ANTONE

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Positive Drug Test Results for Methamphetamine | 12/26/2005, 7/6/2006, 7/17/2006, and 7/25/2006 |
| 2 | Refusal to Comply with Drug Testing | 9/19/2005, 6/23/2006, 6/27/2006, 7/12/2006, 8/7/2006, and 8/8/2006 |

Case 1:00-cr-00110-DAE   Document 44   Filed 08/09/2007   Page 12 of 15

Case 1:00-cr-00110-DAE   Document 43   Filed 10/30/2006   Page 3 of 6

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 2 - Imprisonment

| CASE NUMBER: | 1:00CR00110-001 | Judgment - Page 3 of 5 |
|---|---|---|
| DEFENDANT: | DENNIS ANTONE | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>TIME SERVED</u>

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER: 1:00CR00110-001  Judgment - Page 4 of 5
DEFENDANT: DENNIS ANTONE

# SUPERVISED RELEASE

D.A  Upon release from imprisonment, the defendant shall be on supervised release for a term of: 36 MONTHS

D.A  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

D.A  The defendant shall not commit another federal, state, or local crime.

D.A  That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

D.A [✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

D.A [✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any D.A additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

D.A 1) the defendant shall not leave the judicial district without permission of the court or probation officer;
D.A 2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
D.A 3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
D.A 4) the defendant shall support his or her dependants and meet other family responsibilities;
D.A 5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
D.A 6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
D.A 7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
D.A 8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
D.A 9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
D.A 10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
D.A 11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
D.A 12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
D.A 13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 3 - Supervised Release

CASE NUMBER:        1:00CR00110-001                                     Judgment - Page 5 of 5
DEFENDANT:          DENNIS ANTONE

## SPECIAL CONDITIONS OF SUPERVISION

D.A. 1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

D.A. 2) That the defendant shall participate in the residential substance abuse treatment program at the Salvation Army Adult Rehabilitation Center until clinically discharged. Failure to complete the program successfully will constitute a violation of supervised release, unless the defendant is discharged for reasons beyond his control or unrelated to his non-compliance with program requirements.

D.A. 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

D.A. 4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

D.A. 5) The defendant shall report for drug testing when instructed to do so. Any unexcused failure to report for drug testing will constitute a refusal to comply with drug testing and will constitute a violation of supervised release.

**ACKNOWLEDGMENT OF CONDITIONS**

D.D. I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____  11-17-06
Defendant                   Date

_Martin Samuel_             11.17.2006
United States Probation Officer    Date



KALIHI-PALAMA-CHINATOWN-McCULLY-ALA MOANA SITE (MIDDLE SECTION)